James R. Nugent, respondent,

*v.*

Hippolyte A. DeRaismes, appellant.

[Submitted March 27th, 1922.   Decided June 19th, 1922.]

When a purchaser at a sale under the "Martin act" fails to serve the required notice on all of the representatives of outstanding interests, but by mutual arrangement releases his rights as purchaser to interested parties not served with notice to redeem who thereafter hold their interest free from any claim by virtue of the tax sale, such parties have no standing to redeem the property generally from the sale.

On appeal from a decree advised by Vice-Chancellor Foster.

*Mr. Cyrus H. Vail,* for the appellant.

*Mr. James R. Nugent, pro se,* for the respondent.

The opinion of the court was delivered by

Parker, J.

The appeal is from a decree awarding partition of lands bought in by the city of Newark at a tax sale under the "Martin act," so called (*Comp. Stat. p. 5205 et seq.*), the certificate of which sale was assigned to one Rivers, under whom complainant

claims. There were two equal outstanding interests in existence at the time of the sale, which may be called the Cooper interest and the Meyer interest. As to the former, the usual proceedings were taken by service of notices, &c., and a comptroller's deed purporting to convey the full title was made to Rivers. Nothing seems to have been done toward foreclosing the Meyer interest, but the Meyers, apparently, learned of the tax sale and freed their interest therefrom by paying to Rivers one-half of the sale price with interest and costs, receiving a deed from Rivers, and thereafter being treated by him and complainant, who was his attorney and succeeded to his rights, as full owners of an undivided half interest in the property, paying their share of the taxes each year. Later, after negotiations between the Meyers and complainant for the sale of their interest failed, complainant brought this suit against them, and filed a notice of *lis pendens*. More than a month thereafter defendant, DeRaismes, acquired the Meyer interest and undertook to "redeem" the property from the tax sale by tendering at the comptroller's office, and later in court, the amount required by law in case of a redemption, evidently on the theory that the title of Rivers as to the Cooper interest remained subject to redemption until he had served notice on all the interested parties, including the Meyers, and until the time allowed thereafter for redemption had expired. DeRaismes defended against a partition on the ground that complainant by reason of such tender had no interest which would support the bill, especially as against DeRaismes himself, who claimed to have taken title from the Meyers without notice of equities as between them and Rivers or complainant.

As DeRaismes acquired his interest with full constructive if not actual knowledge of all the claims of the bill, we fail to see that he has any meritorious standing as a *bona fide* purchaser. With respect to the attack on the validity of complainant's title under the sale and notice to the Cooper interests, as affected by the attempted "redemption" by DeRaismes, we do not find it necessary to decide whether a purchaser by notice to part but not all of the persons interested, and the delivery of a comptroller's deed upon the expiration of the statutory period after

such notice, is immune from a subsequent redemption by interested parties not served with notice, or their assigns, who have remained quiescent in the interim. Assuming, for present purposes, that the Meyers, not having been served with notice, could at any time after the deed was delivered have gone to the comptroller's office and redeemed the property generally, they did not pursue this course. What they did was to arrange with Rivers, not to redeem the property, but to save their own interests alone, and by paying half the sale price obtain therefor a quitclaim of his rights under the sale as against them, including the right to serve notice on them and perhaps foreclose their interests in that way. The result of this was to change their status from that of interested parties sold out at tax sale and subject to proceedings thereunder to owners of an undivided interest free and clear of the tax sale; so that their liability under the tax sale being gone, they having no interest that could be foreclosed away from them, their right to redeem ceased with the reason for it.

The learned vice-chancellor, therefore, ruled correctly in refusing to recognize any right of redemption in DeRaismes, and in consequence the only attack on the complainant's right to a partition failed, and the decree for partition was proper and will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.

*For reversal*—None.